August 19, 1976.

M. P. No. 76-313. In the Matter of Joseph M. Berg. The Chief Disciplinary Counsel brought a Petition for Disciplinary Action against Joseph M. Berg of Warwick, an attorney authorized to practice law in this state, alleging acts of professional misconduct in two distinct cases which would justify and require disciplinary action.

In the first case the respondent failed to comply with an order of the Probate Court of the City of Providence that as administrator of a decedent estate, he file an account. Upon examination before the Board of Discipline, respondent admitted that the funds of the estate were not segregated but were commingled in a checking account with other funds including personal funds of the respondent.

In the other case, the respondent failed to comply with an order of the Probate Court that he file an account as guardian of the estate of an incompetent. At the hearing before the board it developed that respondent, upon being appointed guardian on August 18, 1971, withdrew the funds of the estate from a savings account and commingled them with the funds of the above mentioned decedent estate in his own personal checking account. No interest was credited to the estate of the incompetent since the transfer of funds in 1971.

In both cases diligent efforts to communicate with the respondent in behalf of the beneficiaries of the estates and to get him to pay over the funds were of no avail.

The board, after a hearing at which evidence was presented and in which respondent participated, found respondent in violation of the Code of Professional Responsibility in that:

(1) He neglected legal matters entrusted to him by failing to file accounts as required by Sections 33-14-1 and 33-15-26 of the General Laws (DR-6-101 (A) (3));

(2) He disregarded a ruling made in the course of a proceeding by failing to file an account as ordered by the Probate Court (DR 7-106 (a));

(3) He did not maintain the funds of estates in identifiable bank accounts (DR 9-102 (A)); and

(4) He engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in that on June 20, 1975, he falsely certified to the court that he was in compliance with DR 9-102 of the code which prohibits commingling of funds.

Pursuant to the requirements of Rule 42-6 (b) and (d), the chief disciplinary counsel on March 16, 1976 submitted the board's findings and recommendations together with the entire record of the proceedings for review by this court and the entry of an appropriate order.

In compliance with the order of this court, respondent appeared before it in chambers personally on April 1, 1976, to show cause, if any he had, why disciplinary action should not be taken against him based on the report of the disciplinary board. He attempted to explain his actions and argued that the charges against him should not result in disciplinary action. He was given time and afforded an opportunity to submit factual evidence which he indicated he could gather to substantiate his explanations. No such evidence has been submitted to the court.

Respondent was requested by letters from disciplinary counsel delivered to his home and to his office to appear before the court on July 16, 1976. He failed to apppear. The court then entered its order requiring respondent to appear before it on August 5, 1976. Although notices of said order were delivered to respondent's home and office, he failed to appear. By failing to submit evidence and by absenting himself from the court,

respondent must be taken to have waived the opportunity afforded him by the court to present any matter in mitigation or extenuation.

The respondent has breached the standards of conduct required by the Code of Professional Responsibility prescribed by this court and, therefore, disciplinary action is warranted. The court has given consideration to respondent's prior good record as a citizen, as an elected member of the legislature, as a public official, and as a member of the bar of this state. It is nevertheless our judgment that because of the high standard of conduct demanded of members of the bar, the respondent shall be and he is hereby suspended indefinitely beginning September 1, 1976 from engaging in the practice of law in this state. We have deferred the effective date of this order to afford the Respondent a reasonable opportunity to make satisfactory arrangements to protect the interests of his clients. *Joseph M. Berg,* pro se.